Good morning, Your Honors. Good morning, Justice Newman. Long time, no see. Yes, long time, no see. May it please the Court, Van Arbonides on behalf of Mr. Robles-Ayala, and I'm here from the Federal Defenders of Montana, Great Falls Division. The issue here is whether a 52-month sentence is a reasonable sentence. Within the circuits, there is a certain tension, if you will, between how to define departures, how to get into the issues of 3553A factors. Let me ask you something just first to see if this can focus us. In U.S. v. Diaz Argueta, we held that a district court is not required to address specifically each 3553 factor. It must simply state that it considered the factors in imposing the sentence. How did the district court fail to meet that standard? Well, I think the district court failed to meet that standard if you look at the later progeny after that case, for instance, in Mix, for instance, in Carty, to explain why departures should not be given. And so I think, yes, on one hand, one must not focus on each factor, but on the other hand, taking the factors as a whole en masse, one must, I think, at least vocalize in some way why certain departures should not be given, and that's what Carty and, of course, United States v. Mix states. You also make a secondary argument about the fast track, and I'm wondering in U.S. v. Bonuelos-Rodriguez, does that foreclose your argument on that? Well, what forecloses that argument, unfortunately, is the holding in a more recent case, Marcial-Santiago, which is also a case out of the District of Montana Great Falls Division, in which they felt that there wasn't a need, that it was a government's responsibility, and I believe that case is being petitioned to the state. So really, then, we need to focus on the first part of your argument. Yes. Are you conceding that, or the second part, or are you just saying it's your less strong argument? Correct. It's not as strong. The circuit has already spoken on that matter pretty much directly in United States v. Marcial-Santiago. What's your strongest argument? I'm sorry? What is your strongest argument? My strongest argument is the why the departure wasn't given in this case, that the case ---- Look, one of the things that the district court has to consider is the defendant's history and his characteristics. That's one of the 3553A factors. Yes. So here's a man here who's got three kids in this country. I think one of them died because he didn't have enough money for medical care. He's got an aging mother who's here. He was sent back to Mexico, couldn't get a job because of his age. He was practically starving down there. He came back here again, you know, to help his kids and his mother. And it seems to me, though, that those are pretty compelling equities. And then the judge just says his answer to all that was, well, you know, whatever your motive is for coming to the United States, you show no respect for the laws of this country. I mean, he just kind of doesn't care about those equities, and he just kind of gives this guy the back of his hand. That's not very nice, and I don't ---- certainly don't think he considered those what I consider to be some compelling equities. Yes, Your Honor. And even the government in the excerpts of record, page 22 and 23, state the following. This isn't the typical case where we have lengthy criminal histories. Where we have what? And people ---- I'm sorry? You say this isn't a typical case where we have what? I'm quoting the government. Yeah. That this isn't the typical case where we have lengthy criminal histories and people with drug convictions who are deported. Even the government shows, demonstrates by her own words that this case is certainly outside the heartland as far as the usual kind of people who get bumped up 16 levels under 2L1.2. Certainly there are mitigating circumstances which the Court did not explain. Explain away. It's simply focused on the negative. He just doesn't care. He just doesn't care, I guess. Does the Court have any further questions? He's a tough sentencer. I see his cases here. Yes, sir. Yeah. Yes, sir. Yeah. Well, I guess the other side of it is, I mean, there are a lot of sympathetic issues on your client's side. And if the Court sees them differently than, say, I would see them or someone else would see them, that doesn't necessarily entitle us to conclude that it's unreasonable. I mean, there's got to be a little more in the component. And obviously he had done this before, right? Yes. And one of the factors is that, you know, is not so it's more serious than if it were the first time. But then the other thing is to prevent it from occurring again. And the Court seemed to feel that his just saying, well, now I understand it, I won't do it anymore, that didn't satisfy the Court. Yes. Why is that unreasonable? It's a different interpretation than what Judge Pregerson is putting forth. But as an appellate judge, why would that be unreasonable? Well, you know, part of the factors are a just sentence, for example. Does 52 months versus 30 months, how is that, how are another 22 months here going to somehow make him respect the law more? It certainly won't. And I think from an appellate standpoint, it's a case-by-case situation. Well, but I guess, you know, what I become uncomfortable there is an appellate judge, and I've sentenced a lot of people in my day, is not to, that it's not my job as an appellate judge to say, you know, what would Judge Callahan have given this person? You know, I have to look at it, you know, I've got to put my appellate hat on. And so even though I would have given him, maybe I would have given him 30 months, I still have to go through a different process to say that this sentence is unreasonable when looking at it. And so that's. I think the record, you know, that's a very good question. I think Nix and Manyweather talk about the fact that there has to, the reason why these questions, why a departure shouldn't be given, for example, creates a better appellate record for review. And in this case, because the judge did not intellectually look beneath the layers of this individual, then what we have here instead is someone who just simply focuses on the negative. And for appellate review purposes, I think the record is very barren as to why the judge felt that this was a reasonable sentence. If there are no further questions, I will. I reserve. Thank you. Thank you. All right. Thank you. I'm Elizabeth Horstman from the District of Montana. I would disagree with defense counsel that Judge Haddon did not intellectually consider all the factors of 18 United States Code 3553A. I believe that the record is clear that the judge considered all of the factors and made a ruling that, in his opinion. Where did he consider the factor of the man's age? He's got kids here. He's got an aging mother. He has no criminal record. And, you know, he says, I came back because I'm starving. He goes back there. I'm starving to death. Factors won't hire me because of my age. I'm very sorry and hoping he will forgive me. You know, he deports me. I won't come back again. Sure. You can expect someone, anybody to say that. It gives me five years. I'm afraid my mother might die before I see her again. She's in her 80s. Where does he consider all that? Your Honor, I would point. Excuse me. Now, where does he consider all that? Your Honor, in excerpts of record, page 23, the court articulates that he's looked at the nature and circumstances of the offense, the defendant's history and his characteristics, and he went on to talk about those items later in the record. I would point out that the defendant's allegation that he has children in the United States and the allegation. Where did he talk about the condition when the man was down in Mexico and his age and his three kids and his old mother and all the rest of it? Maybe he just said, well, I've considered this and that and the other thing. Show me where he got into that. Your Honor, with all due respect, I don't think the court, the district court is obligated to go into each and every one of the allegations. Well, but all he said was that, you know, maybe in so many words that he doesn't really care about the equities and that this guy violated the law and that's it. Isn't that about what happened? Your Honor, I would disagree. I'm sorry. Isn't that about what happened? Didn't he say that whatever his motive is for coming to the United States, he has shown no respect for the laws of this country? That's what he said. Your Honor, yes, Your Honor, that's correct. But I think one has to look at the credibility of what the defendant alleges were his motive to come to the United States, keeping in mind that he had been previously convicted by a federal judge in Arizona in 2002 and previously convicted of a state offense, burglary of a dwelling, burglary of a residence in 1996. The defendant was deported, returned to Mexico, and then he's found in this case in Montana. So how is the location of children or this purported mother, how is his conduct by being in Montana on a freight train, drifting through Montana, at all supporting what he alleges to be his motive? I think the court conserved the credibility of that and I think disregarded it in favor of the fact that the defendant stood in front of another federal judge in Arizona and said exactly the same things as he was saying to Judge Haddon in Montana, I will not come back. But his track record was that he was given an opportunity to go back, he went back, and he returned to the United States, and we have no indication that he furthered any of those factual aspects of the motive that you just referred to, Judge. So in this regard, I would say that Judge Haddon did in fact weigh the credible evidence that he had before him. Let me ask you this. Let me ask you this. Did he have all that information about the mother, the children before him? Did the court have all that information? Yes, Your Honor. All right. I say it a little, I guess I say it a little bit differently. I think that while the appellant may have a sympathetic case, I think that the court's required to consider all the information. I don't think you have to give the same, you can, I think you have to consider all of it, but I don't think you have to give the same weight to all of it. And so, but, you know, obviously there must be some sentence out there where when a person, and I think in this situation the court obviously considered it, but discounted it relative to the fact that the defendant had been given a previous opportunity and, you know, continued to come back. And so at what point would that sentence ever be unreasonable? You know, would there be a situation where that would be unreasonable? You know, because obviously we have to, you know, assuming that we have to review sentences for reasonableness, there must be one that's out there that's unreasonable. But, you know, what is that sentence? You know, that's the, you know, I mean, let's say that if, you know, that the person, you know, just gave something that was so minimal and then just had all these horrific factors on the other side, you know, probably that might be unreasonable. But here, I hear you arguing saying, well, yeah, he did have significant factors regarding family issues, but he also had a significant past, he'd also been given the opportunity, hadn't obeyed the law, and the court is so it doesn't make it unreasonable because the court weighed one more than the other. Is that what you're saying? No, Your Honor. What I'm saying is that these factors were brought up by the defense to the judge, and the judge, in the government's opinion, considered them and determined that either they were not credible or that other factors should receive greater weight. And again, I want to hit that credibility point because these allegations as to Mulpeth about these children and about this mother, I mean, what are the defendant's actions in this particular case? How are they furthering this alleged motive? Did the court say they didn't believe that? Did the court say that? That he didn't believe? No. All right. Would that be a stronger case for you if the court had said that? I suppose if the court had articulated every thought that went through his head that that would be helpful, but I don't think that that's what's required on appellate review, Your Honor. No, I would agree with you. It's not required, but I would say if the court had said, you know, I just don't believe that, you know, this is why I don't believe what you're saying about your mother  But the court didn't say that, right? No, Your Honor. But you're saying that we could infer that from the record, that the court didn't believe those? I think that it could be inferred. I think that what should be determined from the record is that the court weighted all the factors and applied a particular weight to certain factors that he felt were most relevant to this case. And, again, I just want to correct, I believe it was Justice Pregerson who said that this defendant had no prior criminal record, and I just want to make sure that we are clear that we have a prior state conviction and a prior federal conviction for this same offense. And in this particular case, those are the factors that I think that the court did focus in on after weighing all of the factors under 18 United States Code 3553A. I don't have any further questions. All right. Rebuttal? Just briefly, are there any questions that this court has for me right now? Well, I see all what we're talking about is in the transcript of the sentencing hearing. You presented all that, didn't you? Yes. Yes, it was actually in the PSR report. PSR, yeah. That's also here. It was uncontested by the government. What? It was uncontested by the government. Yeah. Those issues. So what he says is in your particular case, when I turn to the history and background of your case, it is inescapable that you have multiple criminal convictions here in the United States, you have multiple illegal entries. Whatever may have been your motive for coming to the United States, you in the process have shown no respect for the laws of this country. So he didn't get into any of this personal stuff. But I can see. No, Your Honor. Okay. Thanks. Thank you, Your Honor. Thank you, counsel, for your argument. Thank you. Matter is submitted. Thank you, Your Honor.
judges: Noonan, Pregerson, Callahan